UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KRAMER, et al.,

        Plaintiffs,

  -against-

PENSKE TRUCK LEASING CO., L.P., et al.,

        Defendants.

21-CV-07121 (AJN) (BCM)

**ORDER REGARDING GENERAL PRETRIAL MANAGEMENT**

**BARBARA MOSES, United States Magistrate Judge.**

The above-referenced action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, and for report and recommendation on dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). All pretrial motions and applications, including those related to scheduling and discovery, must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

### Motion to Dismiss and Request for Jurisdictional Discovery

The Court notes that on October 29, 2021, defendant Morgan Truck Body Company (Morgan) filed a motion pursuant to Fed. R. Civ. P. 12(b)(2) to dismiss this action for lack of personal jurisdiction (Dkt. No. 13), supported by the Affidavit of Brian L. McCafferty. (Dkt. No. 13-4.) Plaintiffs responded on November 4, 2021, by filing a letter-motion seeking a conference to discuss "plaintiffs' need to conduct discovery with Morgan on the issues raised in the moving papers." (Dkt. No. 16.) However, plaintiffs do not describe the discovery they seek. Nor is there any indication that plaintiffs and Morgan have met and conferred in an effort to reach agreement on jurisdictional discovery. Consequently, it is hereby **ORDERED** as follows:

    (a)    Plaintiffs and Morgan shall promptly meet and confer with respect to jurisdictional discovery.

(b) No later than **November 19, 2021**, Morgan shall file its response to plaintiffs' November 4 letter-motion. In its response Morgan shall (i) confirm that Morgan and plaintiffs have met and conferred as required; (ii) report any agreements or stipulations regarding jurisdictional discovery and/or the schedule therefor; (iii) report any disagreements regarding the same; and (iv) set out Morgan's position with regard to the areas of disagreement.

(c) No later than **November 24, 2021**, plaintiffs shall file their reply letter regarding jurisdictional discovery. The parties' letters shall conform to Moses Ind. Prac. §§ 1(d) and 2(b).

(d) Unless the matter has been resolved by stipulation, the Court will conduct a teleconference regarding jurisdictional discovery on **November 29, 2021, at 12:00 noon**. At that time, parties should dial **(888) 557-8511** and enter the access code **7746387**.

(e) Plaintiff's deadline to respond to Morgan's motion to dismiss is SUSPENDED pending resolution of the jurisdictional discovery issue.

### General Pretrial Management

Going forward, the parties and counsel are cautioned:

1. Once a discovery schedule has been issued, all discovery must be initiated in time to be concluded by the close of discovery set by the Court.

2. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and Moses Ind. Prac. § 2(b). It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless a party requests or the Court requires more formal briefing. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

3.  For motions other than discovery motions, pre-motion conferences are not required, but may be requested if a party believes that an informal conference with the Court may obviate the need for a motion or narrow the issues.

4.  Requests to adjourn a court conference or other court proceeding (including a telephonic court conference) or to extend a deadline must be made in writing and in compliance with Moses Ind. Prac. § 2(a). Telephone requests for adjournments or extensions will not be entertained.

5.  In accordance with Moses Ind. Prac. § 1(d), letters and letter-motions are limited to four pages, exclusive of attachments.

6.  If you are aware of any party or attorney who should receive notice in this action, other than those currently listed on the docket sheet, please notify Courtroom Deputy Kevin Snell at (212) 805-0228 immediately.

7.  Counsel for plaintiffs must serve this Order on any defendant that was previously served with process but has not yet appeared; must serve this Order along with the process on any defendant served with process hereafter; and must file proof of such service with the Court.

8.  For the duration of the Covid-19 national emergency, and unless otherwise ordered by the Court:

   a.  <u>Conferences and Hearings</u>. Court conferences and hearings may be conducted by teleconference, videoconference, or in person. Teleconferences are held on the Court's AT&T line. If a teleconference is scheduled, the parties are directed to call (888) 557-8511 and enter the access code 7746387 a few minutes before the scheduled time. Videoconferences are held using the Court's videoconferencing technology (Microsoft Teams) or (with the prior approval of the Court) such alternative videoconferencing technology as the parties agree upon and arrange. If the Court's technology is used, the Court will provide the link and further instructions in an email to counsel closer to the date of the conference. Please treat teleconferences and videoconferences as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called. In person conferences are held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York.

  b. <u>Remote Depositions</u>. Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

Dated: New York, New York
   November 15, 2021

                **SO ORDERED**.

                _____
                **BARBARA MOSES**
                **United States Magistrate Judge**