**REGER | RIZZO | DARNALL** LLP
Attorneys at Law

Ernest H. Ehling, Esquire
Of Counsel
eehling@regerlaw.com

700 East Gate Drive
Suite 101
Mt. Laurel, NJ 08054

Main:   856.778.8950
Fax:    856.778.8940

**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/10/2022

January 6, 2022

**VIA ECF**

Magistrate Judge Barbara Moses
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 740
New York, NY 10007

> Re:  Stephen C. Kramer and Sandra E. Kramer h/w v. Penske Truck Leasing, Co. L.P. PTL, GP, LLC, Maxon Lift Corp. and Morgan Truck Body Company
> Southern District of New York, No. 21-cv-07121
> Our File No.: 21-691

Dear Judge Moses:

    I represent Defendant Morgan Truck Body, LLC, ("Morgan") in the above-captioned matter. Morgan filed a Rule 12(b)(2) Motion (Dkt. No. 13), where Morgan contests Plaintiff's assertions that it is subject to New York jurisdiction. Counsel for Plaintiff and counsel for Morgan submitted a Stipulation that was approved by this Court governing jurisdictional discovery related to the Rule 12(b)(2) motion (Dkt. No. 23). Morgan is required to provide responses to Plaintiff's Interrogatories and Request for Production of Documents by January 10, 2022. In preparing those responses, Morgan is providing sensitive and confidential information in the form of financial records, customer contacts, distributors and employee information.

    On December 29, 2021, counsel for Morgan advised Plaintiff's counsel of the situation and Morgan's concern it would be producing confidential information, requesting the Plaintiff's counsel agree to a protective order. Morgan's counsel sent a proposed protective order to Plaintiff's counsel. Plaintiff's counsel responded stating that his only issue with the protective order was that he wanted a "sharing provision", which would allow Plaintiff's counsel to "share information with other plaintiff attorneys provided they sign the confidentiality agreement." Morgan's counsel advised Plaintiff's counsel that a sharing provision would not be acceptable and render the protective order an nullity for all practical purposes. Plaintiff's counsel suggested that we contact the court in regard to the sharing provision, disagreeing with Morgan's position that a sharing provision is not acceptable for inclusion in the protective order governing this case. The email string for the correspondence between Morgan's counsel and Plaintiff's counsel is attached as Exhibit 1.

    It is required by You Honor's individual practices for discovery motions to be certified by counsel that they met and conferred but have been unable to resolve this

**Re: Stephen C. Kramer and Sandra E. Kramer h/w v. Penske Truck Leasing, Co. L.P. PTL, GP, LLC, Maxon Lift Corp. and Morgan Truck Body Company**
**Southern District of New York, No. 21-cv-07121**
January 6, 2022
Page 2

dispute and are requesting an informal conference with Your Honor pursuant to Local Rule 37.2. Counsel for Morgan certifies that a telephonic conference with Plaintiff's counsel took place on Thursday, December 30, 2021 at approximately 3:00 p.m. where counsel spoke for approximately fifteen minutes. Counsel involved in the telephone conference were Jason Sweet on behalf of Morgan (counsel's pro hac vice motion is in the process of being filed) and Joseph Monaco for Plaintiffs.

During the telephone conference Mr. Sweet stated Morgan's position that the sharing provision was not acceptable, practical and has never been an issue in any previous cases where he represented Morgan across the country. Mr. Monaco's response was that there is case law supporting a sharing provision. Plaintiff's counsel relied on Williams v. Johnson & Johnson, 50. FRD. 31 (USDC SDNY 1970) and US v. Hooker Chemicals and Plastics Corp., 90 FRD. 421 (USDC WDNY) for his position.

Plaintiff's reliance on Williams and Hooker in support of his position in this case is misplaced. For example, Hooker involved superfund litigation for the Love Canal lawsuit in Niagara Falls, NY. The court in Hooker denied the defendant's motion for protective order because it failed to show good cause why the protective order should be entered and simply made allegations in a conclusory fashion that the defendant would suffer certain injuries in support of its motion. Likewise, the Williams court's denial was focused on the defendant's general concern of adverse publicity that may arise from the use of discovery by the plaintiffs and defendants failed to specify their theories for the requested relief to support the motion for protective order. The Williams court held that Code of Professional Responsibility 7 protected the defendant manufacturers from adverse publicity by the plaintiffs and denied the motion on the basis that no harm could be shown; only a unspecific potential for future harm that is addressed by other rules, rather than a protective order.

Opposite to both Williams and Hooker, Morgan seeks a protective order to prevent the disclosure outside of the litigation of Morgan's customer lists, finances, sensitive employees as well as agreements with distributors and sales consultants. This information is specific and the type commonly the subject of protective orders; Morgan is not seeking a protective order on a vague potentially adverse future occurrence. Plaintiff's counsel could not articulate a legitimate purpose for why he would want to share trade secret and confidential information outside of this litigation with other parties and plaintiff attorneys. Furthermore, it's logically inconsistent to request a protective order that would allow a party to share the information covered by the protective order with outside persons or entities, with no connection to this litigation, if the outside party simply executes the nondisclosure agreement.

Morgan's proposed protective order, which was provided to the Plaintiff, is attached as Exhibit 2 to this correspondence. It is largely similar to Your Honor's model protective order. However, Morgan is amenable to using the model protective order as well. Morgan simply wants protection for sensitive financial and business information.

As stated above, Morgan is requesting a pre-motion discovery conference in accordance with Local Rule 37.2. In regard to the other defendants, counsel for Penske was copied on the protective order and correspondence between counsel but has not

Re: Stephen C. Kramer and Sandra E. Kramer h/w v. Penske Truck Leasing, Co. L.P. PTL, GP, LLC, Maxon Lift Corp. and Morgan Truck Body Company
**Southern District of New York, No. 21-cv-07121**
January 6, 2022
Page 3

weighed in on the dispute. Maxon's counsel has not yet entered. Thank you for your time and consideration of this matter.

Respectfully submitted:

REGER RIZZO & DARNALL LLP

By: /s/ Ernest H. Ehling, Jr.,
Ernest H. Ehling, Jr., Esq.
Attorneys for Defendant
*Morgan Truck Body, LLC*

---

No conference is necessary; consequently, defendant's letter-application is **DENIED**.

The Court will not require defendant to stipulate to the "sharing provision" proposed by plaintiff, which would, among other things, render toothless several standard provisions of defendant's proposed protective order, including that confidential materials be used "only for the purposes of preparing for and conducting" this action (¶ 1), and be returned or destroyed at the conclusion of "this litigation" (¶ 16). *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 75-77 (S.D.N.Y. 2010) is inapposite in that (among other things) it was a class action; the sharing provision pertained only to a specific category of documents; and "sharing" was permitted only "to the extent that the files would also be discoverable in [the] other litigations" and "subject to the confidentiality protections set forth in this protective order." *Id*.

Nor will the Court approve defendant's proposed protective order in the form attached to its January 6, 2021 letter. Among other things, that order permits a party to designate virtually any document "confidential," whether or not such treatment is warranted (¶ 2), and prescribes that confidential documents be filed in hard copy, under seal (¶ 8), in violation of the sealing procedures in this jurisdiction. *See* S.D.N.Y. ECF Rules & Instructions § 6; Moses Ind. Practices § 3.

For the purpose of facilitating the ongoing jurisdictional discovery, and until such time as the parties can complete their negotiations, Morgan's discovery responses, due on **January 10, 2022**, shall be produced subject to the terms set forth in the Model Protective Order available on the Court's webpage (https://nysd.uscourts.gov/hon-barbara-moses).

**SO ORDERED**.

_____
Barbara Moses
United States Magistrate Judge
January 10, 2022